No. 990

No. 19290—S. N. Greeenlee, Clerk, Village of Manchester, v. Robert Cole.

No. 19292—S. N. Greenlee, Clerk, Village of Manchester v. Jasper McCreary. Error to the Court of Appeals of Adams county.

No. 19315—Joseph Shriver, etc., v. S. N. Greenlee, Clerk, et al. In Mandamus.

865. OFFICE AND OFFICERS—The title to office of an officer de facto cannot be determined in a suit to which he is not a party, nor can his authorized act as such officer be challenged in a collateral proceeding.

747. MANDAMUS—In an action in mandamus to compel the clerk to perform duties prescribed by statute respecting employes duly appointed, an answer attacking the title to such office, he being in possession of such office and acting under color of title and not being made a party to such suit, there is no valid defense.

MATTHIAS, J.

1. The title to office of an officer de facto cannot be determined in a suit to which is not a party, nor can his authorized act as such officer be challenged in a collateral proceeding.

2. In an action in mandamus to compel the clerk and treasurer of a village to perform duties prescribed by statute respecting the payment of employes duly appointed by the board of trustees of public affairs, and also respecting the receipt of reports of such board relative to the operation of the municipal electric light plant of the village, and the acceptance of funds from such operation, an answer attacking the title to office · of such trustees and challenging their authority, they being in possession of such office and acting under color of title and not being parties to such suit, is not a valid defense.

Case No. 19290, Judgment affirmed.

Case No. 19292, Judgment affirmed.

Case No. 19315, Writ allowed.

Marshall, CJ., Jones, Day, Allen and Kinkade, JJ., concur. Robinson, J., not participating.

No. 991

No. 18933—Louisville & Nashville R. R. Co. v. Dora B. Greene Admrx, etc. Error to the Court of Appeals of Hamilton County.

923. PLEADINGS—Where petition did not set forth a Kentucky statute authorizing recovery of damages in that state, Ohio courts cannot take judicial notice of such statute.

2. An amendment supplying such statute may be made after limitation period has expired, if action was commenced within that period; such amendment relating back to commencement of action.

JONES, J.

Suit was brought in an Ohio court, for wrongful death resulting from injuries sustained in the state of Kentucky. The petition did not set forth any Kentucky statute authorizing recovery of damages therefor in that state. After trial and verdict a new trial was granted and the plaintiff given leave to file an amendment to her petition setting forth a statute of Kentucky authorizing recovery of damages for wrongful death. Held:

1. The Ohio courts cannot take judicial notice of the existence of such statute of a sister state. Not having been plead in the petition, that pleading was subject to demurrer.

2. Since the action could not have been based upon any common law liability, an amendment to the petition setting forth such Kentucky statute was not a new, independent or substituted cause of action and was not a departure from the action commenced. It sought merely to cure a defect in the original pleading by supplying a missing allegation.

3. Under Section 11363, General Code, such amendment may be made after the period of limitation has expired, provided the action was commenced within that period. · Such amendment relates back to the time of the commencement of the action.

Judgment affirmed.

Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

# CODE NOTES
## Statutes Considered, Cited, Etc.

Sec. 1344. LICENSES.

This statute prohibits the preparation or transportation of dead bodies by imbalmers who are not licensed. Embalmers, In re. 3 Abs. 720.

Sec. 1579-126. JURISDICTION.

A Justice of the Peace in any township in Butler County has no jurisdiction over a criminal offense if the order of arrest fails to state that the offense was committed within the township. Wehr v. State. 3 Abs. 698.

Sec. 2148-7. PENALTIES.

Lawful to sentence female convicted of misdemeanor to Reformatory for Women. Thompson v. State. 3 Abs. 667.

Sec. 4692. CONSTITUTIONAL LAW.

This section does not violate any state or federal constitutional provisions. State ex v. Bd. of Ed. 3 Abs. 723.

Sec. 4757. BOARD OF EDUCATION.

No contract to be binding upon it unless made and authorized at a regular or special meeting. Blackford v. Strohm et. 3 Abs. 719.

Sec. 5661. SCHOOLS.

This section does not apply to contracts made for employment of teachers, officers, and .employees of boards of education. Blackford v. Strohm et. 3 Abs. 720.

Sec. 6956-22. RAILROADS.

Railroad company compelled to participate in . proposed improvements as to roads making up the state system. County Commissioners, In re. . 3 Abs. 672.

Sec. 7575-95-96 & 97. EQUALIZATION FUND.

When board has not applied under these sections in Fund, it cannot plead lack of funds as a defense to the non-performance of mandatory duty. Blackford v. Strohm. 3 Abs. 720.

Sec. 7749-1. TRANSPORTATION.

Of school children and rate thereof fixed by this statute; but it does not prohibit reasonable contract made by rural board. Blackford v. Strohm et. 3 Abs. 720.

Sec. 8636. STOCK.

Stock may be issued under this section at different par values and stock is entitled to one vote per share unless otherwise provided for. in articles of incorporation. Keith et v. State ex. 3 Abs. 723.

Sec. 8863. GRADE CROSSINGS.

County Commissioners authorized to construct, in cooperation with Railroad Company, grade separation project at grade crossings. County Commissioners, In re. 3 Abs. 672.